

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

11

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-5501
Re: Necessity and form of warn-
ing given accused while under
arrest for purpose of secur-
ing handwriting samples to be
used in evidence in a crimin-
al case.

    Your request for an opinion on the above matter reads
as follows:

    "In some cases it has been impossible for
prosecuting officials of this state to introduce
handwriting evidence in a case if the specimen
writing has been taken from the suspect, while he
is under arrest, and the proper warning was not
given. It is our understanding that such evidence
is admissible only when a warning similar to that
used in taking voluntary confessions has been
given the suspect.

    "It is requested that an opinion be rendered
as to whether the suspect must be given this warn-
ing before securing writing from him, and if it
is necessary that such a warning be given; that we
be furnished with a form of such a warning, in
order that we might supply the officers of this
state, with this information for their use when
securing handwriting evidence.

    ". . . ."

    Although the soundness of the rule has been question-
ed by legal scholars, it seems well settled in Texas that where
the accused is in custody and samples of his handwriting are

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FI

secured for standards of comparison, that the same prerequisites existing in the ordinary confession situation must be met before they will be received in evidence. Kennison v. State, 260 S. W. 174; Click v. State, 44 S. W. (2d) 992; and Beacham v. State, 162 S. W. (2d) 706. For criticism of the rule see Texas Law of Evidence, McCormick and Ray, Section 527, page 676; and 3 Texas Law Review 485.

In the leading Texas case on this point, Kennison v. State, supra, the court in interpreting what is now Article 727, V. A. C. C. P. of Texas, quoted with approval this language from Branch's Annotated Penal Code, page 32, Section 59:

"The statute relating to confessions is not confined strictly to a technical confession but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the State as a criminative fact against him."

Since the courts have held that handwriting secured from the accused while in custody is a confession or statement within the meaning of Article 727, C. C. P., all the rules governing the form, execution and admission in evidence of confessions apply with equal force to writing secured as a standard of comparison. Prosecutors are familiar with these rules and we think any elaboration would be unfruitful.

You have asked that we suggest a suitable form of confession to be used in a handwriting case and though the usual form generally in use by prosecutors in other cases would probably be – sufficient to meet the statutory requirements, out of an abundance of caution we would suggest that the standard form set out in Willson's Texas Criminal Forms, Fifth Edition, Section 1057, page 690, be used with the interpolations hereinafter indicated by underlining.

SUGGESTED FORM FOR VOLUNTARY CONFESSION CONSISTING OF SPECIMENS OF ORIGINAL HANDWRITING OF ACCUSED TAKEN WHILE IN CUSTODY

I, A. B., Being in custody of C. D., Sheriff of _____ County, Texas, having been first

warned by E. F., County Attorney of _____
County, Texas (or other person to whom the state-
ment is made) the person to whom the hereinafter
set out statement is made and to whom the follow-
ing samples of my handwriting are given, that I
do not have to make any statement at all and that
I do not have to write or give specimens of my
handwriting, and that any statement made by me
and any handwriting done by me, may be used in
evidence against me on my trial for the offense
concerning which this statement is made and con-
cerning which this handwriting is done, do here
make the following voluntary statement in writing
and do here voluntarily write with my own hand the
following samples and specimens of writing and this
statement and this writing is made and given to
the said E. F.

(Here set out statements if any, and have
accused write desired specimens in his own hand.)

A. B.

WITNESSES:

_____

_____

We sincerely hope that our answer fully covers your
inquiry and that it will prove to be of some help in your cases
involving questioned documents.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)

Eugene Alvis
Assistant

EA:db/JCP

APPROVED AUG. 16, 1943
R. W. Fairchild
Acting ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By R. W. F., Chairman

F.C.C.